# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT NASHVILLE
### Assigned on Briefs November 27, 2001

## STEVEN MURPHY v. STATE OF TENNESSEE

**Post-Conviction Appeal from the Criminal Court for Davidson County**
**No. 95-B-856     J. Randall Wyatt, Jr., Judge**

---

**No. M2001-00886-CCA-R3-PC - Filed August 29, 2002**

---

In 1996, the petitioner, Steven Murphy, was convicted of first degree murder, especially aggravated robbery, and theft over $1,000. He received a sentence of life imprisonment for first degree murder, 25 years for especially aggravated robbery and four years for the theft. The trial court ordered the petitioner to serve his sentences consecutively, resulting in an effective sentence of life plus 29 years. Following a direct appeal to this Court the petitioner's convictions were affirmed, but his sentence for aggravated robbery was modified to 21 years. State v. Adrian Wilkerson and Steven Murphy, No. 01C01-9610-CR-00419 1998 Tenn. Crim. App. LEXIS 891, at *45 (Tenn. Crim. App., at Nashville Aug. 26, 1998).[1] The Tennessee Supreme Court denied permission to appeal on September 18, 2000. The petitioner filed a post-conviction petition on October 30, 2000, which alleged that his trial attorneys were ineffective thereby depriving him of his rights under the Sixth Amendment to the United States Constitution. Following appointment of counsel and a hearing, the trial judge entered an order denying post-conviction relief on March 12, 2001, and the instant appeal followed. After a thorough review of the record we find no error in the trial court's decision. The judgment of the lower court is therefore affirmed.

**Tenn. R. App. P. Appeal as of Right; Judgment of the Criminal Court is Affirmed.**

JERRY SMITH, J., delivered the opinion of the court, in which DAVID H. WELLES and NORMA MCGEE OGLE, JJ., joined.

F. Michie Gibson, Jr., Nashville, Tennessee, for the appellant, Steven Murphy.

Paul G. Summers, Attorney General & Reporter; J. Ross Dyer, Assistant Attorney General; Victor S. Johnson, District Attorney General; and Dan Hamm, Assistant District Attorney General, for the appellee, State of Tennessee.

---

[1]The facts underlying the petitioner's convictions and sentences are summarized in the opinion on direct appeal and will not be repeated here.

# OPINION

## Post-Conviction Hearing

During the post-conviction hearing, the petitioner claimed that counsel failed to visit him in jail and failed to keep him informed concerning his case. He also testified that counsel failed to properly investigate his case. According to the petitioner, counsel failed to visit the crime scene.

The petitioner also claimed that counsel failed to address certain issues. The petitioner testified that counsel was deficient in failing to challenge a witness's identification of him through a tinted window. According to the petitioner, the windows in the car had a dark tint and counsel should have called an expert to testify about the difficulty of seeing through such a window.

David Baker, the petitioner's trial counsel, testified that he met with the defendant eight or nine times in jail. According to Mr. Baker, one of these meetings lasted two hours. Counsel also stated that during these meetings, he and the petitioner discussed the case and what was being done. Mr. Baker also informed the court that he and Mr. Carl Dean, the petitioner's other trial attorney, had an investigator looking into the case.

Mr. Baker and Mr. Dean stated that their trial strategy, arrived at in consultation with the petitioner, had nothing to do with the identification of the petitioner. According to counsel, their theory was that the petitioner was present but took no part in the felony murder. Therefore, there was no reason to question the tint of the windows or have an expert testify on the matter.

## Standard of Review

In post-conviction proceedings, the petitioner has the burden of proving the allegations of fact by clear and convincing evidence. Tenn. Code Ann. § 40-30-210(f). The appropriate standard for determining effectiveness of counsel is whether the advice given, or services rendered by the attorney, are within the range of competence demanded of attorneys in criminal cases. Baxter v. Rose, 523 S.W.2d 930, 936 (Tenn. 1974). In order to establish ineffective assistance of counsel, the petitioner must prove that his counsel's representation was both deficient and that he was prejudiced as a result of that deficiency. Strickland v. Washington, 466 U.S. 668, 686, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984).

Counsel's performance is considered deficient if counsel committed errors that were so serious that the petitioner was deprived of the representation guaranteed by the Sixth Amendment. Cox v. State, 880 S.W.2d 713, 717 (Tenn. Crim. App. 1994). Findings of fact and conclusions of law made by the post-conviction court are given the weight of a jury verdict, and this Court is bound by those findings unless the evidence contained in the record preponderates otherwise. Owens v. State, 13 S.W.3d 742, 748 (Tenn. Crim. App. 1999).

## Counsel's Performance in the Instant Case

The petitioner claims that counsel failed to visit him and keep him apprised of trial strategy. He also claims that his attorneys were deficient because they failed to address the issue noted <u>supra</u> concerning tinted automobile windows.

In contrast, Mr. Baker testified that he met with the petitioner eight or nine times and that these meetings lasted up to two hours. Both of the petitioner's attorneys testified that they met with the petitioner and did discuss and develop trial strategy with him. Both attorneys testified that they visited the crime scene. They both stated that their trial strategy, which they discussed with the petitioner, was to admit the petitioner's presence at the scene of the crime, but deny his participation in the felony murder. Thus, their strategy had nothing to do with attacking the identification of the petitioner as present at the crime scene.

The trial judge implicitly accredited the testimony of Messrs. Baker and Dean and found that they had performed their duties in an "appropriate and competent manner." We find nothing in this record that would cause us to dispute that finding. Moreover, the decision not to contest the identification of the petitioner at trial, but to claim that he was not a perpetrator is a legitimate strategic decision that will not be second-guessed by this Court. See, <u>Hellard v. State</u>, 629 S.W.2d 4, 9 (Tenn. 1982).

## CONCLUSION

In light of the foregoing, we find that the petitioner did receive the effective assistance of counsel, and we therefore affirm the decision of the lower court denying the petition for post-conviction relief.

_____
JERRY L. SMITH, JUDGE